**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **SHEILA R. WILLIAMS,**<br>*Plaintiff,*<br>**v.**<br>**SOUTHSTATE BANK, N.A.,**<br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:26-cv-00431-TES** |

## ORDER DENYING MOTION FOR TRO

In her Complaint [Doc. 1] filed on October 2, 2026, Plaintiff Sheila R. Williams asserts federal and state law claims against Defendant SouthState Bank, N.A. [*Id.*, p. 1]. Contemporaneously, Plaintiff moved for leave to proceed *in forma pauperis* [Doc. 2] and filed an emergency motion for a temporary restraining order ("TRO") against Defendant. [Doc. 3]. In the TRO motion, Plaintiff requests this court "stay and enjoin Defendant SouthState Bank, N.A., . . . from conducting a nonjudicial foreclosure sale of Plaintiff's primary residence scheduled for October 6, 2026." [*Id.*].

### A. The Motion for Leave to Proceed *In Forma Pauperis*

Authority for granting permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding,

> civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After careful review of Ms. Williams' monthly income and expenses, the Court **GRANTS** her motion for leave to proceed *in forma pauperis*. [Doc. 2]. The filing fee is waived.

**B. Frivolity Review**

Since Ms. Williams is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) requires the Court to screen the complaint to determine if it is frivolous or malicious or if it fails to state a claim for which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.[2] The proper contours of the term

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam). The Court can also dismiss a case at any time if it determines that the action is frivolous or malicious or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

"frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under 28 U.S.C. § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

Full frivolity review may be performed "at any time." 28 U.S.C. § 1915(e)(2)(B). Due to time constraints, detailed frivolity review of Plaintiff's complaint will be performed shortly in a separate order.

**C. Factual Background**

Ms. Williams' claims concern a residential mortgage loan [Doc. 1-4] securing her residence at 247 Springview Drive, Macon, Georgia 31220. [Doc. 1 at ¶¶ 9–11]. The initial closing disclosure for the mortgage loan provides for a thirty-year fixed rate loan for $153,500 with an interest rate of 6.25%, meaning a monthly principal and interest of $945.13. [Doc. 1-6]. The disclosure also reports that the loan does not have the prepayment penalty or balloon payment "features." [*Id.*].

After difficulty making certain mortgage payments, Plaintiff sought to defer certain loan payments and signed a deferment agreement that altered the terms of the initial mortgage loan agreement. [Docs. 1-7, 1-8]. Time passed after the deferral. On

April 30, 2026, Plaintiff submitted a formal Notice of Error letter to Defendant to "formally dispute fraudulent credit reporting, the misappropriation of deferred funds, and the deceptive manipulation of [her] loan ledger," [Doc. 1-11], reflecting confusion over how much Plaintiff owed Defendant. [*Id.*]. Defendant responded to this letter claiming it performed an investigation and denying the allegations. [*Id.*].

Payment trouble continued. After some time, Defendant sent Plaintiff a letter notifying her that it had not received her past due payment for April 1, 2026, in the amount of $2,365.71. [Doc. 1-13]. On September 2, 2026, it sent another letter, this time notifying Plaintiff that she was in default. [*Id.*]. Defendant demanded immediate payment of the total principal balance of $145,082.76, plus interests, costs, fees, and any advance owed. [*Id.*]. But, on August 17, 2026, a law firm representing Defendant sent a letter claiming Plaintiff was in default of her obligations in the amount of $153,500, owing $150,558.58; the letter also identified the overdue amount, as of August 10, 2026, as being $6,178.35, and did not demand full payment if Plaintiff paid the $6,178.35 overdue. [*Id.*].

In general, Plaintiff alleges that Defendant breached a number of statutory and contractual duties concerning the mortgage deferral under state and federal law, and that Defendant's upcoming foreclosure sale of the property is "based upon an amount claimed to be due that is materially affected by the disputed payment allocation, deferred obligations, interest calculations, fees, crediting of payments, and account

accounting described herein[,]" causing the pre-foreclosure notice to be defective and the foreclosure sale itself to be "wrongful, premature, and legally void." [*Id.* at ¶¶ 104, 111–113]; *see generally* [*Id.*].

In short, Plaintiff claims that Defendant violated certain legal obligations, that those violations caused a material defect in the pre-foreclosure notice provided to Plaintiff, and that the defective notice means the upcoming nonjudicial foreclosure sale is wrongful, premature, and legally void.

In particular, she alleges Defendant violated four federal laws: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. and Regulation Z, 12 C.F.R. § 1026; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(3), and Regulation X, 12 C.F.R. § 1024; (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2; and (4) 12 U.S.C. § 5536. [Doc. 1 at ¶¶ 146–179].[3] Supplemental to these federal laws, Plaintiff also alleges that Defendant violated a variety of Georgia state laws under the same common nucleus of operative fact.

## D. Temporary Restraining Order

Plaintiff requests emergency injunctive relief to prevent the foreclosure sale scheduled for October 6, 2026, in the form of a temporary restraining order ("TRO") and

[3] Plaintiff alleges Defendant committed multiple violations of RESPA and Regulation X. First, Plaintiff alleges that Defendant "directly violated 12 U.S.C. § 2605(e)(3) and 12 C.F.R. § 1024.35 by unlawfully reporting adverse, negative, and derogatory payment information regarding Plaintiff's account to major credit reporting agencies . . . ." [Doc. 1 at ¶ 158]. Second, Plaintiff alleges that Defendant "violated applicable provisions of Regulation X governing loss-mitigation procedures and prohibited foreclosure conduct, to the extent the particular acts fall within those provisions." [*Id.* at ¶ 169].

preliminary injunction under Fed. R. Civ. P. 65.

In the Eleventh Circuit,

> [a] federal court may grant a temporary restraining order . . . *only* if the movant establishes that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest.

*Long v. Sec'y, Dep't of Corrs.*, 924 F.3d 1171, 1176 (11th Cir. 2019) (emphasis added). As the movant, Plaintiff bears the burden of persuasion as to each of these four prerequisites. *Strickland v. Deutsche Bank Tr. Co. Americas*, No. 5:18-CV-3 (CAR), 2018 WL 715408, at *3 (M.D. Ga. Feb. 5, 2018).

After careful review of Plaintiff's complaint and motion for TRO, the Court concludes that Plaintiff is unable to meet the applicable legal standard to obtain this extraordinary equitable remedy. Plaintiff has failed to demonstrate that she has a substantial likelihood of success on the merits under applicable law.

"Injunctive relief is an equitable remedy that is not available as a matter of right." *Grayson v. Allen*, 491 F.3d 1318, 1322 (11th Cir. 2007). Substantively, under Georgia law, "in a typical wrongful foreclosure action, the plaintiff is *required* to tender the amount due under the security deed and note in order to maintain an action in equity." *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Trust*, 780 S.E.2d 311 (2015); *see also Berry v. Gov't Nat'l Mortg. Assoc.*, 202 S.E.2d 450, 450 (1973) ("He who would have equity must do equity . . . . Under application of this maxim, before the complainant

would be entitled to equitable relief, she must do equity and tender the amount due under the security deed and note."). If the mortgagor plaintiff fails to allege that she offered payment or tender of the balance due on the loan or fails to offer a legally recognized excuse for not doing so, then she is not entitled to injunctive relief, and her request for an injunction would therefore not be likely to win on the merits. *See id.*; O.C.G.A. § 23-1-10.

Here, regarding the TRO, Plaintiff argues that various errors led to an allegedly misstated original principal amount in the letter notifying her of foreclosure. *See* [Doc. 1, ¶¶ 107–113] ("These facial contradictions and fabricated figures render the . . . pre-foreclosure notice defective . . . . Because the [pre-foreclosure notice] is legally defective, . . . the scheduled October 6, 2026 nonjudicial foreclosure sale is wrongful, premature, and legally void."). In other words, Plaintiff alleges that the exact amount she owes is unknown, as "the threatened sale is based upon a disputed account balance . . . ." [*Id.* at ¶ 199]. However, Plaintiff's argument relies on an assertion that the principal balance owed on her mortgage is at least $145,082.76. [*Id.* at ¶ 51].

Plaintiff does not allege or show that she tendered the $145,082.76 she herself admits is owed at minimum,[4] or that doing so would be futile. Indeed, she also does not

[4] "Defendant's demanded payoff balance of $150,558.58 contains an unverified, unaccounted-for surge of $5,475.82 that appeared within a single month—jumping abruptly from the $145,082.76 principal balance explicitly recorded and maintained on Defendant's internal ledger and monthly statements as recently as July 2026." [Doc. 1 at ¶ 108].

allege that she tendered the $6,178.35 overdue payment that Defendant offered as an alternative to cure the default without paying the purported full accelerated principal amount [Doc. 1-13], or any amount at all. *See generally* [Doc. 1]; [Doc. 3]; [Doc. 3-1].

Instead, Plaintiff claims that the foreclosure notice is "legally defective under O.C.G.A. § 23-2-114 and O.C.G.A. § 44-14-162.2, and because the underlying balance relies upon an unverified $5,475.82 balance surge over the July 2026 balance and uncalculated per-diem charges, the scheduled October 6, 2026, nonjudicial foreclosure sale is wrongful, premature, and legally void." [Doc. 1 at ¶ 113]. In other words, she claims that, because the foreclosure notice says the total amount due is $5,475.82 more than the prior $145,082.76 principal balance, the notice is therefore defective, meaning she did not receive notice of the upcoming foreclosure at all, making the scheduled foreclosure sale premature (because she has not received notice of it happening).

O.C.G.A. § 44-14-162.2 mandates that "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage[] . . . shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." O.C.G.A. § 44-14-162.2. It is silent about the effect of an incorrectly-stated statement of the underlying balance. *Id.* O.C.G.A. § 23-2-114, meanwhile, is a statutory rule of construction. O.C.G.A. § 23-2-114. It states that "[p]owers of sale in . . . mortgages, and other instruments shall be strictly construed and shall be fairly exercised." *Id.* While this extends to a general duty of good faith and fair dealing imposed on a foreclosing party

under a power of sale, *MBIGI v. Wells Fargo Home Mortg.*, 785 S.E.2d 8, 13 (Ga. App. 2016), strict construction does not mean that no notice was given to Plaintiff. Such an argument is unlikely to succeed on the merits under Georgia law.

Without tendering the amount of money undisputably due under the security deed and note, Plaintiff cannot seek equitable relief such as the request for preliminary injunction underpinning her TRO request. And, Plaintiff's legal argument for a preliminary injunction against the foreclosure proceedings is unlikely to succeed on the merits under Georgia law. Therefore, because Plaintiff's request for injunctive relief is unlikely to succeed on the merits under Georgia law, and because a federal court may only grant a TRO if the movant establishes a substantial likelihood of success on the merits, the Plaintiff's request for a TRO is **DENIED**.

## CONCLUSION

Accordingly, this Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* and does not dismiss her complaint outright. Frivolity review of the claims in the complaint is forthcoming. Further, this Court **DENIES** Plaintiff's motion for a temporary restraining order.

**SO ORDERED**, this 5th day of October, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**