**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **SHEILA R. WILLIAMS,**<br>***Plaintiff,***<br>**v.**<br>**SOUTHSTATE BANK, N.A.,**<br>***Defendant.*** | **CIVIL ACTION NO.**<br>**5:26-cv-00431-TES** |

## ORDER

In her Complaint [Doc. 1] filed on October 2, 2026, Plaintiff Sheila R. Williams asserts federal and state law claims against Defendant SouthState Bank, N.A. ("SouthState"). [*Id.*, p. 1]. Contemporaneously, Plaintiff moved for leave to proceed *in forma pauperis* [Doc. 2]. In a prior order, the Court waived Plaintiff's filing fee and permitted her to proceed *in forma pauperis*. [Doc. 4, p. 2].[1] When this Court allows a Plaintiff to proceed *in forma pauperis*, it must also screen that Plaintiff's Complaint

[1] An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). In a previous order, this Court carefully reviewed Plaintiff's monthly income and expenses—provided in her application to proceed *in forma pauperis*—and, based on this legal standard, determined to grant her motion for leave to proceed *in forma pauperis*. [Doc. 4, pp. 1–2]. Accordingly, Plaintiff's filing fee was waived. [*Id.* at p. 2].

through frivolity review pursuant to 28 U.S.C. § 1915(e). The Court now screens her Complaint.

## LEGAL STANDARD

Since Ms. Williams is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) requires the Court to screen the complaint to determine if it is frivolous or malicious or if it fails to state a claim for which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.[2] The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under 28 U.S.C. § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

Frivolity review under § 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam). The Court can also dismiss a case at any time if it determines that the action is frivolous or malicious or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

associated with filing such a lawsuit. *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose *factual contentions* are clearly baseless." *Id.* (emphasis added).

Even though dismissal for failure to state a claim under Rule 12(b)(6) and dismissal for frivolity under § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not encompass the other. *Id.* at 328. "When a complaint raises an arguable question of *law* which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.* (emphasis added).

Plaintiff's pro se status counsels further caution in considering her complaint. Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, although courts must construe pro se pleadings liberally, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)).

**BACKGROUND**

Ms. Williams' complaint is long, winding, and—at times—difficult to understand. Nevertheless, this Court will attempt to recount the facts of the case as presented in it to the best of its ability after careful consideration.

Ms. Williams' claims concern a residential mortgage loan [Doc. 1-4] securing her residence at 247 Springview Drive, Macon, Georgia 31220. [Doc. 1 at ¶¶ 9–11]. The initial closing disclosure for the mortgage loan provides for a thirty-year fixed rate loan for $153,500 with an interest rate of 6.25%, meaning a monthly principal and interest of $945.13. [Doc. 1-6]. The disclosure also reports that the loan does not have the prepayment penalty or balloon payment "features." [*Id.*].

After difficulty making certain mortgage payments, Plaintiff sought to defer certain loan payments and signed a deferment agreement that altered the terms of the initial mortgage loan agreement. [Docs. 1-7, 1-8]. Time passed after the deferral. On April 30, 2026, Plaintiff submitted a formal Notice of Error letter to Defendant to "formally dispute fraudulent credit reporting, the misappropriation of deferred funds, and the deceptive manipulation of [her] loan ledger," [Doc. 1-11], reflecting confusion over how much Plaintiff owed Defendant. [*Id.*]. Defendant responded to this letter claiming it performed an investigation and denying the allegations. [*Id.*].

Payment trouble continued. After some time, Defendant sent Plaintiff a letter notifying her that it had not received her past due payment for April 1, 2026, in the

amount of $2,365.71. [Doc. 1-13]. On September 2, 2026, it sent another letter, this time notifying Plaintiff that she was in default. [*Id.*]. Defendant demanded immediate payment of the total principal balance of $145,082.76, plus interests, costs, fees, and any advance owed. [*Id.*]. But, on August 17, 2026, a law firm representing Defendant sent a letter claiming Plaintiff was in default of her obligations in the amount of $153,500, owing $150,558.58; the letter also identified the overdue amount, as of August 10, 2026, as being $6,178.35, and did not demand full payment if Plaintiff paid the $6,178.35 overdue. [*Id.*].

In general, Plaintiff alleges that Defendant breached a number of statutory and contractual duties concerning the mortgage deferral under state and federal law, and that Defendant's upcoming foreclosure sale of the property is "based upon an amount claimed to be due that is materially affected by the disputed payment allocation, deferred obligations, interest calculations, fees, crediting of payments, and account accounting described herein[,]" causing the pre-foreclosure notice to be defective and the foreclosure sale itself to be "wrongful, premature, and legally void." [*Id.* at ¶¶ 104, 111–113]; *see generally* [*Id.*].

In short, Plaintiff claims that Defendant violated certain legal obligations, that those violations caused a material defect in the pre-foreclosure notice provided to Plaintiff, and that the defective notice means the upcoming nonjudicial foreclosure sale is wrongful, premature, and legally void. In particular, she alleges Defendant violated

four federal laws: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. and Regulation Z, 12 C.F.R. § 1026; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(3), and Regulation X, 12 C.F.R. § 1024; (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2; and (4) 12 U.S.C. § 5536. [Doc. 1 at ¶¶ 146–179].[3] Supplemental to these federal laws, Plaintiff also alleges that Defendant violated a variety of Georgia state laws under the same common nucleus of operative fact.

Alongside her complaint and her motion to proceed *in forma pauperis*, Plaintiff filed an emergency motion for a temporary restraining order against the Defendant. [Doc. 3]. On October 5, 2026, this Court denied that motion for a temporary restraining order, because Plaintiff was unable to meet the applicable legal standard to obtain a temporary restraining order, an extraordinary equitable remedy. [*Id.* at p. 6]. In that same order, the Court granted her motion to proceed *in forma pauperis*. [*Id.* at p. 9]. The Court now screens her complaint for frivolity.

## <u>DISCUSSION</u>

In her complaint, Plaintiff brings federal claims under TILA, RESPA, FCRA, and the CFPA. She also brings claims under the state law of Georgia: several under a breach of contract theory, a claim for attempted wrongful foreclosure, and claims brought

[3] Plaintiff alleges Defendant committed multiple violations of RESPA and Regulation X. First, Plaintiff alleges that Defendant "directly violated 12 U.S.C. § 2605(e)(3) and 12 C.F.R. § 1024.35 by unlawfully reporting adverse, negative, and derogatory payment information regarding Plaintiff's account to major credit reporting agencies . . . ." [Doc. 1 at ¶ 158]. Second, Plaintiff alleges that Defendant "violated applicable provisions of Regulation X governing loss-mitigation procedures and prohibited foreclosure conduct, to the extent the particular acts fall within those provisions." [*Id.* at ¶ 169].

under the Georgia Fair Business Practices Act.

Two of Plaintiff's claims are legally or factually frivolous, both found in Count Nine. In Count Nine, Plaintiff alleges that SouthState engaged in deceptive and unfair practices under the Consumer Financial Protection Act ("CFPA") and Georgia Fair Business Practices Act ("GFBPA"). Specifically, Plaintiff alleges that SouthState failed to "clearly explain" the economic effect of the deferral agreement, misrepresented what was in essence an undisclosed loan modification, and pressured her to sign the deferral agreement within 72 hours. [Doc. 1 at ¶¶ 182–182a]. She alleges that these practices caused her "substantial consumer and financial harm." [*Id.* at ¶ 184].

However, the CFPA provides no private right of action, and the GFBPA does not apply to residential mortgage agreements.

First, Congress granted enforcement authority under the CFPA exclusively to government entities. 12 U.S.C. §§ 5531, 5536(a)(1)(B). There is no private right of action under the CFPA, and this Court cannot invent one. *See, e.g.*, *Tillman v. Air Autovest, LLC*, No. 2:16-CV-00211-RDP, 2016 WL 4379455, at *7 (N.D. Ala. Aug. 17, 2016); *Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *11 (E.D.N. Y May 15, 2015); *Johnson v. J.P. Morgan Chase Nat'l Corp. Servs.*, No. 13-cv-678, 2014 WL 4384023 at *5 (W.D.N.C. Aug. 5, 2014); *In re Capital One Derivative Shareholder Litig.*, No. 12-cv-1100, 2012 WL 6725613 at *7 (E.D. Va. Dec. 21, 2012). Thus, Plaintiff cannot use under these provisions of the CFPA as a private citizen.

Second, "only the unregulated consumer marketplace falls within the scope of the [GFBPA], not regulated areas of activity." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F.Supp. 2d 1369, 1375 (M.D. Ga. 2011) (citing *Chancellor v. Gateway Lincoln-Mercury*, 502 S.E.2d 799, 805 (Ga. Ct. App. 1998)). And, the mortgage industry (and specific conduct at issue here) are regulated by the Georgia Residential Mortgage Act. *Stewart v. Suntrust Mortg., Inc.*, 770 S.E.2d 892, 897–98 (Ga. Ct. App. 2015); *Jenkins*, 822 F.Supp. 2d at 1376. Although at least one federal court has previously reasoned that exclusion of all residential mortgages from the scope of the GFBPA is an "overly broad" interpretation of the statute, *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (quoting O.C.G.A. § 10-1-396(1)), that reasoning is outdated. The Georgia courts have since clarified that "where the action or transaction at issue is authorized *or regulated* by a state or federal regulatory agency, the FBPA does not apply," categorically. *Stewart*, 770 S.E.2d at 897. So, because the area of mortgage transactions is heavily regulated by state and federal law—including TILA, RESPA, and the Georgia Residential Mortgage Act—the GFBPA does not apply to residential mortgage transactions. *Jenkins*, 822 F.Supp. 2d at 1376. Thus, because Plaintiff's claim under the GFBPA in Count Nine alleges injury arising from this private mortgage transaction, and because residential mortgage transactions fall outside the scope of the GFBPA, Plaintiff cannot sue under the GFBPA.

Because Plaintiff has no cause of action under either the CFPA or the GFBPA, her

claims in Count Nine are legally frivolous and thus **DISMISSED** pursuant to § 1915(e).

As for the remaining claims in this lawsuit, they are sufficient to survive frivolity review. It's worth stating that just because a claim survives frivolity review doesn't mean that the claim is plausibly stated to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6); it merely means the claim is not legally or factually *frivolous*. Complaints reviewed under § 1915(e) for frivolity enjoy a more relaxed standard than those having their "facial sufficiency" tested under Rule 12(b)(6). *See Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997)). Put simply, a claim's survival in frivolity review should not be construed as any indication that it is a plausibly stated claim pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff's claims found in Count Nine for deceptive and unfair business practices under the CFPA and the GFBPA are legally frivolous and therefore **DISMISSED**. Her remaining claims, however, are sufficient to survive this initial frivolity review.

Based on the foregoing, it is **ORDERED** that service be made on Defendant SouthState Bank, N.A. by a United States marshal or deputy marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). Upon service, SouthState may file an answer or other response as may be appropriate. SouthState is reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to

waive service pursuant to Federal Rule of Civil Procedure 4(d).

**SO ORDERED**, this 26th day of October, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**