**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **SHEILA R. WILLIAMS,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**SOUTHSTATE BANK, N.A.,**<br><br>***Defendant.*** | **CIVIL ACTION NO.**<br>**5:26-cv-00431-TES** |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OMNIBUS MOTION**

On October 2, 2026, Plaintiff Sheila R. Williams filed a complaint asserting federal and state law claims against Defendant SouthState Bank, N.A. ("SouthState"), including a request for a temporary restraining order. [Doc. 1]. Contemporaneously, Plaintiff moved for leave to proceed *in forma pauperis*. [Doc. 2].

On October 5, 2026, this Court waived Plaintiff's filing fee, permitting her to proceed *in forma pauperis* pending more in-depth frivolity review, and addressed her request for a temporary restraining order, denying it. [Doc. 4]. Then, on October 26, 2026, this Court completed its full frivolity review—as the law requires in 28 U.S.C. § 1915(e)—finding that Plaintiff's claims in Count Nine for deceptive and unfair business practices are legally frivolous and therefore dismissed. [Doc. 5]. In its frivolity review order, the Court ordered that service be made on SouthState by a United States

marshal or deputy pursuant to Federal Rule of Civil Procedure 4(c)(3), where, upon service, SouthState may file an answer or other response. [*Id.*, p. 9].

Now, Plaintiff files an omnibus motion concerning a wide spread of issues, entitled Plaintiff's Verified Omnibus Notice of Lack of Service. [Doc. 10]. In her new motion, Plaintiff moves to compel three things: first, to compel that this Court mail copies of unserved docket entries to her address pursuant to Federal Rule of Civil Procedure 77(d); second, to compel that this Court vacate the prior service of her complaint without her dismissed Count Nine claims; and third, to compel the undersigned judge to recuse himself from her case pursuant to two statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455.

This Court **GRANTS** Plaintiff's motion for mailed copies of this Court's prior orders to her correct address of record pursuant to Federal Rule of Civil Procedure 77(d), and **DENIES** Plaintiff's motion to vacate prior service of her complaint and motion for recusal and disqualification of the undersigned judge.

**A. <u>Motion to Compel Mailed Copies</u>**

Plaintiff contends that she has not received any mailed orders, notices, or docket entries from the Clerk of Court at her address of record, 247 Springview Drive. [Doc. 10 at ¶ 4]. Plaintiff seemingly did not receive any mailed orders, notices, or docket entries from the Clerk of Court because the relevant documents were at first sent to one

erroneous address (247 Spring*field* Drive), which was then erroneously corrected to another incorrect address (247 Springfield *Boulevard*). *See* [Doc. 8]–[Doc. 9].

Under Federal Rule of Civil Procedure 77(d)(1), the clerk must immediately serve notice of the entry of an order or judgment (as provided in Rule 5(b)) on each party not in default for failure to appear. Fed. R. Civ. Pro. 77(d)(1). Rule 5(b)(2)(C) provides that a paper may be so served by mail to the relevant person's last known address, in which case the service is complete upon mailing. Fed. R. Civ. Pro. 5(b)(2)(C). Service of an order to an incorrect address under Rule 5(b) is legally ineffective and fails to trigger the recipient's response timeline.

So, for service of an order to be valid under Rules 77(d) and 5(b), it must give the recipient actual notice of the order. Thus, when a court clerk mistakenly mails an order to the incorrect address valid service was not properly completed. Here, Plaintiff did not receive the mail because it was mistakenly mailed to the wrong address. The Court **GRANTS** Plaintiff's motion and **DIRECTS** the Clerk to mail copies of the Court's previous orders to her newly corrected address of record.

### B. <u>Motion to Vacate Service of Complaint</u>

Plaintiff next requests that the Court "immediately vacate, stay, and revoke the premature U.S. Marshal service of a partial, stripped-down version of Plaintiff's Complaint upon Defendant[]," on the grounds that service of the complaint on Defendant without first giving Plaintiff opportunity to "respond, object, or

update/amend the record" "severely violates Plaintiff's constitutional due process rights and partially shields Defendants from answering Plaintiff's full complaint." [Doc. 10 at ¶ 11].

If a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, a court must order that service be made by a United States Marshal. Fed. R. Civ. Pro. 4(c)(3). Service of a plaintiff's initial complaint on a defendant does not foreclose any later opportunity to amend the complaint. Pro se plaintiffs are typically given at least one opportunity to amend their complaints, where a more carefully drafted pleading might state a claim. *Carlan v. TEGNA, Inc.*, No. 26-10758, 2026 WL 2676500, at *3 (11th Cir. Sept. 11, 2026) (unpublished) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). Nothing stops a plaintiff from amending her complaint after the defendant is served with the initial complaint. In fact, that is the usual operation.

Here, because Plaintiff was authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, this Court was required by the Federal Rules to order that service be made by a United States Marshal. Doing so was mandated by statute and thus proper and does not deny Plaintiff the opportunity to "respond, object, or update/amend the record" or violate Plaintiff's due process rights. Therefore, the Court **DENIES** Plaintiff's motion to vacate service of her initial complaint to Defendant via United States Marshal.

**C. <u>Motion for Recusal and Disqualification</u>**

Finally, Plaintiff requests that the presiding Judge recuse and disqualify himself pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, reassigning the case to an "impartial judge," because his "impartiality must reasonably be questioned, and personal bias or prejudice against Plaintiff as a pro se litigant in favor of Defendants is demonstrated by the objective record." [Doc. 10, pp. 4–5]. Plaintiff then provides a list of reasons for which she believes recusal is appropriate: (a) the denial of her request for a temporary restraining order, (b) the Court's understanding and interpretation of several facts pled in her complaint, (c) the Court's performance of frivolity review of her complaint filed *in forma pauperis*, (d) the mistake in address when mailing notice of this Court's orders, and (e) the authorization of service of her complaint after frivolity review via a U.S. Marshal. [*Id.* at ¶ 14]. After careful consideration, this Court finds that recusal under either statute is inappropriate.

First, recusal under 28 U.S.C. § 144 requires the plaintiff to provide a "timely and sufficient affidavit" stating "the facts and the reasons for the belief that bias or prejudice exists," accompanied by a "certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. This certificate must be provided by counsel, and so, by operation of the statute, "[a] pro se party cannot supply a certificate of counsel." *Middlebrooks v. Macon-Bibb Cnty.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *7 (M.D. Ga. Feb. 12, 2024) (quoting *Williams v. N.Y.C. Housing Auth.*, 287 F.Supp.2d 247, 249

(S.D.N.Y. Sept. 25, 2003)); *see also Robinson v. Gregory*, 929 F.Supp.334, 337–38 (S.D. Ind. 1996).[1] Therefore, because a pro se party cannot provide the necessary certificate of counsel to move for recusal pursuant to § 144, and because Plaintiff is pro se, Plaintiff cannot move for recusal pursuant to § 144.

So, we move on to 28 U.S.C. § 455. This statute requires that a judge recuse himself in any proceeding in which his impartiality might reasonably be questioned. *United States v. Gelin*, No. 21-11091, 2022 WL 10220112, at *2 (11th Cir. Oct. 18, 2022). The statute does not require an affidavit or certificate. Instead, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 744–75 (11th Cir. 1989)); *see also Middlebrooks*, 2024 WL 555884, at *8 (citing *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)) (per curiam). "The allegation of bias must show that 'the bias is personal as distinguished from judicial in nature.'" *Gelin*, 2022 WL 10220112, at *2 (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

Here, Plaintiff argues that recusal is warranted in part based on previous rulings and actions taken in this case: the denial of her request for a temporary restraining order, the performance of the required frivolity review, the Court's understanding of

[1] As the *Williams* court notes, pro se parties have other mechanisms available to them to guard against allegedly biased or prejudiced judges, including 28 U.S.C. § 455, as considered and discussed below. *Williams*, 287 F.Supp.2d at 249 (citing *Robinson*, 929 F.Supp.334, at 338).

the facts pled in her complaint when performing that frivolity review, and the Court's authorization of service of her complaint. [Doc. 10 at ¶ 14(a), (c)]. These previous rulings and actions are judicial in nature and would not be cause for an impartial lay observer to entertain significant doubt about the undersigned judge's impartiality. Indeed, save for the mere fact of these prior rulings and judicial actions, Plaintiff has offered no explanation as to why they would demonstrate partiality other than their being adverse to her interests, and the Court has explained why the law supports each ruling and action, either in this order or previously. *See* [Doc. 4]–[Doc. 5], [Doc. 10].

Judicial rulings "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (citing *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977)).[2] And, as far as pervasive bias goes, it is well established that adverse rulings—to the extent that the rulings cited by Plaintiff are adverse—do not constitute pervasive bias. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). Finally, the law simply doesn't

[2] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

caution recusal "based solely on information acquired, and conclusions reached, during the performance of [a judge's] judicial duties." *Archbold-Newball*, 554 F.2d at 682 (discussing "personal bias" in the context of recusal under § 144).

Neither is Plaintiff's final remaining argument for recusal and disqualification pursuant to § 455—the mailing mistake—grounds for recusal under the statute. Here, Plaintiff specifically states that the undersigned judge failed to "conduct and ensure" proper mail service of his orders on Plaintiff. [Doc. 10 at ¶ 14(d)]. Plaintiff correctly does not allege that this failure to effect proper mail service was intentional or malicious. Indeed, it was an inadvertent clerical error, not bias or prejudice. Administrative mistakes—like sending a notice to the wrong address—would not lead a reasonable person to question the undersigned judge's impartiality. Such an error falls well short of the high standard set for demonstration of personal bias by § 455.

Therefore, recusal and disqualification of the undersigned judge is not appropriate under either 28 U.S.C. § 144 or 28 U.S.C. § 455.

### D. <u>Conclusion</u>

This Court **GRANTS** Plaintiff's motion to receive mailed copies of this Court's prior orders to her corrected address of record pursuant to Rule 77(d). However, this Court **DENIES** Plaintiff's motion to vacate prior service of her complaint and **DENIES** Plaintiff's motion for the recusal and disqualification of the undersigned judge.

**SO ORDERED**, this 24th day of November, 2026.

*S/ Tilman E. Self, III*

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**